United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                          Case No. 17-14034-mdc
Jeffrey J Toner                                                                 Chapter 13
            Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Stacey            Page 1 of 1           Date Rcvd: Dec 19, 2017
                             Form ID: pdf900         Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 21, 2017.
db            +Jeffrey J Toner,   231 Farleigh Court,   Langhorne, PA 19047-1653

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg              E-mail/Text: bankruptcy@phila.gov Dec 20 2017 01:25:33    City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 20 2017 01:25:15
                 Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 20 2017 01:25:29    U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
                                                                                          TOTAL: 3

                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 21, 2017                          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 19, 2017 at the address(es) listed below:
        MATTEO SAMUEL WEINER    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
        PAUL H. YOUNG    on behalf of Debtor Jeffrey J Toner support@ymalaw.com,   ykaecf@gmail.com,
         paullawyers@gmail.com,pyoung@ymalaw.com
        THOMAS YOUNG.HAE SONG    on behalf of Creditor    The Bank of New York Mellon etal
         pa.bkecf@fedphe.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER, Esq.    ecfemails@phl3trustee.com,   philaecf@gmail.com
                                                                                          TOTAL: 5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Jeffrey J Toner | | CHAPTER 13 |
| | Debtor | |
| MIDFIRST BANK | | |
| | Movant | |
| vs. | | NO. 17-14034 MDC |
| Jeffrey J Toner | | |
| | Debtor | |
| Patricia A. Toner | | 11 U.S.C. Section 362 |
| | Co-Debtor | |
| William C. Miller, Esq. | | |
| | Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's

residence is **$5,747.00,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2017 through November 2017 at $973.69/month |
| Late Charges: | July 16, 2017 through November 16, 2017 at $22.31/month |
| Suspense Balance: | $8.31 |
| Wire Fee: | $8.00 |
| Bankruptcy Attorney Fees & Costs: | $650.00 |
| Property Inspection Fees: | $60.00 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$5,747.00** |

2.      The Debtor(s) shall cure the aforesaid arrearage in the following manner:

a).  Within seven (7) days of the Court Order approving of and/or granting this

stipulation, Debtor(s) shall file an Amended Chapter 13 Plan that provides for payment of the post-

petition arrears of **$5,747.00** through the Plan along with the pre-petition arrears;

b). Movant shall file an Amended or Supplemental Proof of Claim to include the

post-petition arrears of **$5,747.00** along with the pre-petition arrears;

c). The 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.      Beginning with the payment due December 1, 2017 and continuing thereafter, Debtor(s) shall maintain, and pay when due, the regular contractual post-petition monthly mortgage payment of $973.69 (or as adjusted under the terms of the mortgage), which payment is due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month).

4.      Should Debtor provide sufficient proof of payments made (front & back copies of cancelled checks and/or money orders) but not credited, Movant shall adjust the account accordingly.

5.      In the event that the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtors' attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant relief from the automatic stay and codebtor stay as to the mortgaged property, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed order filed by Movant with its instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or any of its successors or assignees, should the claim be assigned or transferred.)

6.     If the case is converted to Chapter 7, Movant shall file a Certification of Default

with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.     If the instant bankruptcy is terminated by either dismissal or discharge, this

agreement shall be null and void, and is not binding upon the parties.

8.     The provisions of this stipulation do not constitute a waiver by Movant of its right to

seek reimbursement of any amounts not included in this stipulation, including fees and costs, due

under the terms of the mortgage, loan documents and related agreements, and applicable law.

9.     The parties agree that a facsimile signature shall be considered an original signature.

Date:   November 27, 2017              By: /s/ Matteo S. Weiner, Esquire
                                           Matteo S. Weiner, Esquire
                                           KML Law Group, P.C.
                                           701 Market Street, Suite 5000
                                           Philadelphia, PA 19106-1532
                                           (215) 627-1322 FAX (215) 627-7734
                                           Attorney for Movant

Date:_____

                                           Paul H. Young, Esquire
                                           Attorney for Debtor

Date:   12/12/17

                                           William C. Miller                *without prejudice to any
                                           Chapter 13 Trustee                trustee rights or remedies

Approved by the Court this 19th day of ____December_____, 2017.  However, the court
retains discretion regarding entry of any further order.

                                           Bankruptcy Judge
                                           Magdeline D. Coleman